16 F.3d 410
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In re HOFFMAN ASSOCIATES, Incorporated, Debtor.
Powers Construction Company, Incorporated, Plaintiff-Appellant,
v.
Hoffman Associates, Incorporated, d/b/a Hoffman Drywall,
Incorporated, d/b/a Hoffman & Associates,
Incorporated, Defendant-Appellee,
W. Ryan Hovis, Trustee-Appellee.
 No. 92-2260.
 United States Court of Appeals, Fourth Circuit.
 Argued March 31, 1993.
Decided Dec. 30, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence.
 Michael Stephen Church, Turner, Padget, Graham & Laney, P.A., for appellant.
 Garland Stuart Cassada, Robinson, Bradshaw & Hinson, P.A., for appellee.
 Stuart H. Johnson, Frank H. Lancaster, Robinson, Bradshaw & Hinson, P.A., for appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL and LUTTIG, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Powers Construction Company, Inc. (Powers Construction), a creditor of Hoffman Associates, Inc. (Hoffman Associates), requested relief in bankruptcy court from an automatic stay imposed on Hoffman Associates' creditors under 11 U.S.C. Sec. 362 after several of Hoffman Associates' other creditors filed an involuntary bankruptcy petition against it. Powers Construction sought relief from the stay in order to foreclose on its alleged security interest in all of Hoffman Associates' assets. The bankruptcy court denied Powers this request for relief on the ground that the alleged security interest was invalid, and the district court affirmed this denial. We find no error in the district court's order and, therefore, affirm.
 
 I.
 
 2
 Hoffman Associates was a South Carolina corporation engaged in the construction industry. Wilbur Powers (Powers) and Bobby Hoffman (Hoffman) were the corporation's sole shareholders, directors and officers, with Hoffman serving as president and Powers as secretary and treasurer. Powers was also the principal owner of Powers Construction, a corporation that made substantial unsecured loans to Hoffman Associates.
 
 
 3
 When Hoffman died in May, 1989, Hoffman Associates was insolvent and owed debts to a number of unsecured creditors, including over $400,000 to Powers Construction. Powers assumed control of Hoffman Associates' business and determined to wind up its operations.
 
 
 4
 A month later, Powers arranged for Hoffman Associates to execute a security agreement with Powers Construction which gave Powers Construction a security interest in all of Hoffman Associates' assets. The agreement stated that this interest was intended to secure "all indebtedness, obligations and liabilities of Hoffman & Associates, Inc. [sic] to Powers Construction Company, Inc. now existing and hereafter arising, including future advances." After the security agreement was completed, Powers Construction made several additional loans to Hoffman Associates.
 
 
 5
 In June, 1990, several of Hoffman Associates' other creditors filed an involuntary bankruptcy petition against it under 11 U.S.C. Sec. 303. This petition operated as an automatic stay on the claims of all of Hoffman Associates' creditors. 11 U.S.C. Sec. 362. Powers Construction sought relief in October, 1990, from the automatic stay in order to foreclose on its security interest in Hoffman Associates' assets that had been created by the security agreement. The bankruptcy court denied the request, finding that Powers Construction's security interest was invalid because, among other reasons, the conveyance to Powers Construction of this interest violated a South Carolina anti-assignment provision, S.C.Code Ann. Sec. 27-25-10 (Law. Co-op.1976). The district court agreed and affirmed the bankruptcy court's refusal to lift the stay.
 
 II.
 
 6
 Powers Construction contends that the bankruptcy court and the district court erred in concluding that section 27-25-10 invalidated Hoffman Associates' conveyance to it of the security interest. We disagree.
 
 
 7
 Section 27-25-10 provides in relevant part:
 
 
 8
 Any assignment by an insolvent debtor of his property for the benefit of his creditors in which any preference or priority is given to any creditor or creditors of the debtor ... over any other creditor or creditors, ... except as hereinafter provided, shall be absolutely null and void and of no effect whatsoever.
 
 
 9
 The provision, thus, prohibits (1) an assignment of property (2) by an insolvent debtor (3) that gives a preference or priority to one or more of his creditors over his other creditors. First Carolinas Joint Stock Land Bank of Columbia v. Knotts, 1 S.E.2d 797, 806 (S.C.1939).
 
 
 10
 The bankruptcy court and the district court found, and we agree, that Hoffman Associates' conveyance to Powers Construction of a security interest in its assets satisfied these elements. With respect to the first element, the conveyance of a security interest in a debtor's property to one of its creditors is an "assignment" under section 27-25-10 if the security interest "is really designed to operate, not as a security merely, but as a means of transferring the debtor's property to the favored creditor." Porter v. Stricker, 21 S.E. 635, 640 (S.C. 1895); accord Knotts, 1 S.E.2d at 806-07; Mitchell v. Mitchell, 20 S.E. 405, 410 (S.C. 1894). The conveyance of the security interest in Hoffman Associates' assets to Powers Construction was orchestrated by Wilbur Powers, who served as both secretary and treasurer of Hoffman Associates as well as principal owner of Powers Construction. There is no doubt that Powers knew, when he arranged the conveyance, that Hoffman Associates' assets would shortly be transferred to a creditor holding a security interest in them--he testified that, at the time of the conveyance, he was familiar with the financial records showing Hoffman Associates to be insolvent and had determined to wind up Hoffman Associates' business operations. As a result, it is clear that the conveyance to Powers Construction of the security interest in Hoffman Associates' assets was designed to effect a transfer of these assets to Powers Construction and, thus, it was an "assignment" under section 27-25-10.
 
 
 11
 With respect to the second element, it is undisputed that Hoffman Associates was insolvent in June, 1989, when the security interest was transferred. Finally, the transfer of the security interest in Hoffman Associates' assets plainly gave Powers Construction a preference or priority over Hoffman Associates' other unsecured creditors, fulfilling the third element, because it secured Powers Construction's existing unsecured loans to Hoffman Associates.
 
 
 12
 Powers Construction does not challenge the finding that the conveyance of the security interest satisfied these three elements, but instead contends that section 27-25-10's prohibition does not apply to the conveyance because of that provision's clause"except as hereinafter provided." The next section of the anti-assignment statute, S.C.Code Ann. Sec. 27-25-20 (Law. Co-op.1976), which forbids certain other types of preferential transactions, concludes by stating: "Nothing, however, in this section shall be construed to invalidate any loan of actual value, or the security therefor, made in good faith, upon a security taken in good faith, on the occasion of the making of such loan, or any security bona fide made for advances." Powers Construction argues that this sentence creates an exception to the antiassignment provisions and that section 27-25-10's clause "except as hereinafter provided" incorporates this exception into section 27-2510. It asserts that the conveyance to it of the security interest in Hoffman Associates' assets qualifies for this exception and, thus, is not invalidated by section 27-25-10.
 
 
 13
 Even if we construe section 27-25-10's clause "except as hereinafter provided" to incorporate into section 27-25-10 the sentence in section 27-25-20 to which Powers Construction refers, this argument fails. This sentence only serves to clarify that the anti-assignment provisions, which prohibit insolvent debtors from making certain transactions that give preference to the existing claims of one or more of their creditors, do not bar a debtor from conveying security interests in its assets that secure future advances or loans made at the time of the conveyance, as such conveyances do not confer a preference on the existing claims of any creditors. The security agreement between Hoffman Associates and Powers Construction, however, states explicitly that the security interest in Hoffman Associates' assets secured loans by Powers Construction that were both "now existing and hereafter arising." As a result, as Wilbur Powers admitted in his testimony, the conveyance of this security interest caused Powers Construction's existing claims to be preferred over the existing claims of other unsecured creditors. It is, thus, clearly not the type of security interest conveyance protected by the clarifying sentence in section 2725-20.
 
 
 14
 Because the conveyance to Powers Construction of the security interest in Hoffman Associates' assets satisfies the three elements of section 27-25-10 and is not saved by the clarifying sentence in section 27-25-20, we find that section 27-25-10 renders it"absolutely null and void and of no effect whatsoever," S.C.Code Ann. Sec. 27-25-10. Powers Construction, therefore, has no valid security interest in Hoffman Associates' assets, and the lower courts obviously did not err in refusing to lift the automatic stay so that it could foreclose on this alleged interest.
 
 IV.
 
 15
 For the reasons stated, we affirm the district court's order affirming the bankruptcy court's refusal to lift the automatic stay.
 
 AFFIRMED